### FRIEDENSTEIN v. CANNING.

(Supreme Court, Appellate Term. April 8, 1909.)

LANDLORD AND TENANT (§ 285*)—RECOVERY OF POSSESSION BY LANDLORD—ACTIONS—EVIDENCE.

Evidence, in an action by a landlord to recover possession of the leased premises on the ground that the house was being used by the tenant as a disorderly house, *held* not to show such use.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 285.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Karl A. Friedenstein against Belle Canning. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Kilroe & Swarts, for appellant.
Wentworth, Lowenstein & Stern, for respondent.

GILDERSLEEVE, P. J. The tenant herein was a lessee of premises; the lease providing that it should be used and occupied as a boarding house, and for no other purpose. The landlord sought to dispossess the tenant upon the ground that the premises were used for immoral purposes. The court below found for the plaintiff, and the defendant appeals from the final order.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The evidence adduced on the part of the plaintiff is that given by two police officers, who corroborate each other in all material respects. They testify that they visited the house kept by the tenant on the evening of September 8, 1908; that they found there the subtenant and seven other women. These women were sitting in the rear part of the house, wearing ordinary costumes and reading. One of the policemen said they were all reading prayer books. Neither of the witnesses saw anything to indicate that it was a disorderly house, and they visited the other parts of the house, and found nothing to indicate that any immoral practices were carried on there. Upon being asked what made them consider it was a disorderly house, one witness said: "Well, we just about judged it to be a disorderly house." One of the officers said: "I am pretty sure—I am positive—I know some of them to be prostitutes that were in there." He said that he had seen some of them on the avenue soliciting. The women and the two men were taken in a patrol wagon before a magistrate, who discharged them. The defendant positively denied that she kept a disorderly house, and said that she kept a boarding house for theatrical people; that two of the women there were visitors of some of the inmates, and that the other women were boarders; that the two men had stopped there, on their way to the Pennsylvania Railroad depot, to call upon one of the women, with whom one of the men was acquainted. The evidence fails to show that the defendant kept a house prohibited by law. The mere fact that an immoral woman lives in a house, or visits one, is not sufficient to show that the tenant keeps a bawdy house. The granting of the order herein was clearly against the weight of evidence, and must be reversed.

Final order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.